UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASEFAH GIRMAI,

      Plaintiff,

  v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

      Defendant.

Case No. C18-0766 RBL

ORDER AFFIRMING DENIAL OF BENEFITS

## I.   INTRODUCTION

This matter is before the Court on Plaintiff Asefah[1] G.'s Complaint (Dkt. 3) for review of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act.

Plaintiff has severe impairments of diabetes mellitus with macular edema and severe nonproliferative retinopathy, bilateral cataracts, and degenerative disc disease with a disc bulge at L4-L5. *See* AR at 18. The administrative law judge ("ALJ") determined that Plaintiff has several other non-severe impairments, including anemia/iron deficiency, hypothyroidism, Dupuytren's contracture of the bilateral hands, cognitive disorder, and major depressive disorder.

---

[1] The record indicates several variations of Plaintiff's name. *See, e.g.*, Administrative Record ("AR") (Dkt. 7) at 61, 124. The Court uses the name Plaintiff gave in the Complaint.

ORDER AFFIRMING DENIAL OF BENEFITS - 1

*Id.* at 18-19.

Plaintiff applied for disability benefits on October 13, 2014, originally alleging a disability onset date of June 1, 2010. *Id.* at 15, 215. Plaintiff amended her onset date to March 6, 2013, because she had previously applied for and been denied disability benefits in a decision dated March 5, 2013, which she did not appeal. *See id.* at 63, 67, 101-117.

Plaintiff's present application was denied on initial administrative review and on reconsideration. *Id.* at 124-37, 139-52. At Plaintiff's request, ALJ Ilene Sloan held a hearing on December 19, 2016, at which she heard testimony from Plaintiff and a vocational expert. *See id.* at 59-82. ALJ Sloan issued a decision denying Plaintiff benefits on February 15, 2017. *Id.* The Appeals Council denied review on March 28, 2018, and this action followed. *See id.* at 1-3.

Plaintiff argues that the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings. Pl. Op. Br. (Dkt. 12) at 1. She contends that the ALJ: (1) failed to fully and fairly develop the record regarding Plaintiff's alleged lumbar impairments; (2) erred at step two of the disability evaluation process in failing to find Plaintiff's mental impairments severe; and (3) erred in rejecting Plaintiff's symptom testimony. *Id.*

## II.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

**A. The ALJ Did Not Err in Failing to Further Develop the Record Regarding Plaintiff's Lumbar Impairment**

Plaintiff contends the ALJ erred because she determined Plaintiff's residual functional capacity ("RFC") based on treatment notes and MRIs, but had no opinion from a treating or examining doctor to consider. Pl. Op. Br. at 2-5. "The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). But "[t]he claimant bears the burden of proving steps one through four, consistent with the general rule that '[a]t all times, the burden is on the claimant to establish [her] entitlement to disability insurance benefits.'" *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (quoting *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998)). Correspondingly, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150). And, in general, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

Plaintiff's argument fails. First, contrary to Plaintiff's contention, the ALJ did more than interpret raw medical data. She reviewed treatment notes and Plaintiff's testimony discussing Plaintiff's functional abilities. *See* AR at 24-25. These are common sources of information from which ALJs craft RFC determinations. *See* 20 C.F.R. § 404.1545(a)(3); *Robbins v. Soc. Sec.*

*Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (stating that the "RFC assessment must be based on *all* of the relevant evidence in the case record, such as: [m]edical history, [m]edical signs and laboratory findings, . . . [r]eports of daily activities, [l]ay evidence, [r]ecorded observations, [and] [m]edical source statements").

Second, the ALJ had before her an RFC determination from consulting doctor Wayne Hurley, M.D., which she gave "significant weight." *See* AR at 26, 148-50. Dr. Hurley was capable of interpreting any raw medical data and, although he did not explicitly discuss his interpretation of the medical records he reviewed, nothing suggests he failed to consider those records in assessing Plaintiff's functional capacity. *See id.* at 144-50.

The most Plaintiff can argue is that the objective medical evidence—namely an MRI from November 2015—demonstrated that Plaintiff's condition had changed to the point that further analysis was necessary. *See id.* at 806-07. That MRI revealed "[p]rogression of mild disc degeneration in the lower lumbar spine with accompanying new annular tears at L4-L5 and L5-S1 and new small central subannular disc extrusion" at L4-L5. *Id.* at 806-07. But Plaintiff's treatment records after that time do not show a substantial worsening in Plaintiff's condition. The ALJ reasonably found that Plaintiff had received only conservative treatment for her back pain, and reasonably interpreted that evidence in crafting an RFC that limited Plaintiff to light work with other specific postural and movement-based limitations. *See id.* at 22, 25.

Plaintiff briefly argues that the ALJ cherry-picked the evidence to reach her conclusions regarding Plaintiff's RFC. *See* Pl. Op. Br. at 4. Plaintiff's argument is little more than an alternative interpretation of the evidence, and the Court's task on review is not to second-guess the ALJ. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence

supports the ALJ's conclusions regarding the impact of Plaintiff's lumbar impairment on the RFC. The Court must therefore uphold the ALJ's determination because it is a rational interpretation of the evidence. *See id.*; *Thomas*, 278 F.3d at 954.

B. **The ALJ Did Not Err at Step Two in Finding That Plaintiff Did Not Have a Severe Mental Impairment**

Plaintiff next contends that the ALJ erred at step two of the disability evaluation process by failing to find that Plaintiff's alleged mental impairments were severe. The step two analysis is a gatekeeping device used to screen out weak claims. *See Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 416.920(c). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290). But Plaintiff retains the burden of proof at step two, and must present evidence showing that she suffers from an impairment that has more than a minimal effect on her work. *See Parra*, 481 F.3d at 746.

The record includes diagnoses of various mental disorders, including cognitive disorder and major depressive disorder. *See* AR at 299, 630, 639, 641. However, the record also includes evidence that Plaintiff's mental impairments were due to exaggeration rather than true medical impairments. *See id.* at 721-24. Examining psychologist Brendan Scholtz, Ph.D. diagnosed Plaintiff with "malingering vs. extreme response bias." *Id.* at 724. He concluded that Plaintiff "was engaging in extreme response bias and exaggeration of [her] physical, cognitive and psychological impairments." *Id.*

Examining psychologist Richard Peterson, Ph.D. reached the opposite conclusion. *See*

ORDER AFFIRMING DENIAL OF BENEFITS - 5

*id.* 299-311.  But the ALJ discussed Dr. Peterson's report and explained why she believed Dr. Scholtz over Dr. Peterson.  *See id.* at 19-20.   The ALJ was entitled to resolve the conflict between these doctors' opinions in making her disability determination.  *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record).  Accordingly, Plaintiff has not met her burden of showing that the ALJ committed harmful error here.  *See Molina*, 674 F.3d at 1111 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

     Plaintiff briefly argues that the ALJ also failed to adequately address diagnoses from Cara Dalbey, Psy.D. in reaching her step two determination.  Pl. Op. Br. at 8-9.  Dr. Dalbey saw Plaintiff twice, once in January 2014, and again in September 2014.  AR at 568-71, 639-41.  At the first appointment, Dr. Dalbey diagnosed Plaintiff with major depressive disorder.  *Id.* at 641.  At the second appointment, Dr. Dalbey diagnosed Plaintiff with depressive disorder.  *Id.* at 571.  Dr. Dalbey did not describe any functional limitations related to these diagnoses.  *See id.* at 568-71, 639-41.  The ALJ cited, but did not directly discuss, Dr. Dalbey's diagnoses.  *See id.* at 19, 21, 23.

     Plaintiff has again failed to show that the ALJ committed a harmful error.  Although the ALJ did not address Dr. Dalbey by name, she explained why she found that Plaintiff's depression was not a severe impairment.  *See id.* at 19 (noting that Plaintiff declined counseling, her depression was classified as mild, and her mental status examinations were within normal limits).  The ALJ did not need to present a more detailed analysis of Dr. Dalbey's diagnoses, particularly considering the brevity of Dr. Dalbey's records.  *See* 20 C.F.R. § 404.1527(c) (noting that the length, frequency, and scope of relationship are among the factors considered in

evaluating medical opinions). Moreover, the mere fact that Plaintiff was diagnosed with depressive disorder does not establish that the ALJ erred in finding that such disorder caused no more than minimal impairment of Plaintiff's function. Thus, Plaintiff has failed to show that the ALJ committed harmful error. *See Molina*, 674 F.3d at 1111.

**C.  The ALJ Did Not Err in Rejecting Plaintiff's Symptom Testimony**

Plaintiff last contends that the ALJ erred in rejecting her subjective symptom testimony. The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because her medically determinable impairments could reasonably be expected to cause the symptoms she alleged. AR at 23.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan*, 242

F.3d at 1148.

The ALJ found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was "not entirely consistent with the medical evidence and other evidence in the record." AR at 23. Plaintiff has not shown that the ALJ harmfully erred in reaching this determination.

With respect to diabetes and vision problems, the ALJ noted that Plaintiff was noncompliant with treatment recommendations. *See id.* The ALJ also determined that Plaintiff's diabetes and vision symptoms improved when she took her insulin. *Id.* These were clear and convincing reasons to discount Plaintiff's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (upholding ALJ's adverse credibility determination where the ALJ inferred that the plaintiff's symptoms were not as severe as alleged because he stopped taking an effective medication due to mild side effects and did not seek more aggressive treatment); *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (holding that "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits").

The ALJ gave similar reasons regarding Plaintiff's complaints of back pain. *See* AR at 24. The ALJ noted that Plaintiff received only conservative treatment, with physical therapy referrals, home exercise, and encouragement to walk regularly. *Id.* Again, this was a clear and convincing reason to discount Plaintiff's testimony. *See Tommasetti*, 533 F.3d at 1039.

The ALJ further found that Plaintiff's symptom testimony was contradicted by her daily activities. *See* AR at 25. Plaintiff reported daily exercise, up to five to ten hours per week, including Zumba and walking. *Id.* at 25, 574, 578, 583, 614. Yet Plaintiff testified that she barely exercised at all and would be "tired for hours" after walking one block. *Id.* at 25, 71. The

ALJ found that these statements contradicted each other, and rationally rejected Plaintiff's symptom testimony on this basis. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (upholding ALJ's rejection of plaintiff's symptom testimony where it was contradicted by her daily activities). Therefore, Plaintiff has failed to show that the ALJ committed harmful error in rejecting her symptom testimony. *See Molina*, 674 F.3d at 1111.

### III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 24th day of January, 2019.

Ronald B. Leighton
United States District Judge